UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04-CV-11658

Chandrakant S. PANSÉ, and his minor children through him, plaintiffs }
}
}
v. }
}
}
Lindsay NORMAN, personally and as President, }
   Massachusetts Bay Community College, Wellesley, MA (MBCC), }
& }
Paula GASTENVELD, personally and as Vice President, MBCC, }
& }
Laurie TAYLOR, personally and as employee of MBCC, }
& }
Ghazi DARKAZALLI, personally and as Dean, Science & Technology, MBCC, }
& }
Thomas SEBBAGH, personally and as Assoc. Dean, MBCC, }
& }
Judith GILL, personally and as Chancellor of Higher Education of Mass. }
& }
Peter TSAFFARAS, personally and as Assoc. Vice Chancellor of Higher Ed., }
}
et al., defendants }


PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO MAKE SERVICE


This Motion is assented to by Mr. Charles Wyzanski, Esq., Asst. Attorney General, Commonwealth of Massachusetts, who represents all defendants in their official capacities.

Pursuant to Fed. R. Civ. P. 6 (b), plaintiffs respectfully request that this Hon. Court enlarge the time provided by Fed. R. Civ. P. 4 (m) to serve Summons and Complaint by 60 days, to Jan. 22, 2005, on the following grounds.

Plaintiffs filed the action herein on 7-26-2004 in view of certain statutes of limitations, but did not initiate service until recently as plaintiffs wished to amend their Complaint, incorporating an arbitrator's decision, anticipated in late Fall 2004. (By stipulation with the Asst. Attorney General, plaintiffs will file an Amended Complaint by 11-30-2004.)

Plaintiffs attempted service on 11-02-2004 by leaving copies of the Summons and Complaint with the respective secretary/clerk/receptionist for defendants at their offices during normal business hours, only to discover later that this Service was defective. Fed. R. Civ. P. 4 (e) requires that each defendant receive the process *personally*, or copies be left at their dwelling houses or usual places of abode. *Caisse v. Dubois*, 346 F.3d 213, 216 (1st Cir., 2003).

The Office of Attorney General of Massachusetts has waived objections as to the defects in service in defendants' official capacities and accepts the above service. However, personal service is still required for individual capacity claims in view of plaintiffs' allegations of intentional torts for which defendant(s) may not be indemnified by the State, and some defendants are not residents of Massachusetts.

Plaintiffs have obtained a waiver of service from defendant Gastenveld, pursuant to Fed. R. Civ. P. 4 (d). Plaintiffs served defendant Sabbagh at his home in Rhode Island, but believe that said service may be invalid as this Court may lack jurisdiction in that state and service must be made pursuant to RI statutes. Defendant Norman resigned his State job and left Massachusetts unexpectedly about 3 weeks ago, and could not be served personally. Time for him to return the waiver of service pursuant to Fed. R. Civ. P. 4 (d) (2) (F) expires on 11-27-04. Failing receipt of said waiver, service at his home in South Carolina will be necessary pursuant to Fed. R. Civ. P. 4 (e) (1). However, the 120 day period to make service per to F.R.C.P. 4(m) expires on 11-23-04.

Thus, plaintiffs have tried to serve within the allotted time, and deserve an enlargement of said time to complete service under the above circumstances.

Wherefore, plaintiffs respectfully request an enlargement of 60 days, to 01-22-2005, to serve or obtain Rule 4 (d) Waivers, to be followed by proper Service absent the Waivers.

Respectfully submitted, this 19th/20th day of Nov., 2004,

Assented to by telephone and e-mail
Charles Wyzanski, Esq.
Assistant Attorney General
Commonwealth of Massachusetts
Tel. 617-727-2200 x 3093

Chandrakant S. Pansé, *pro se*
34 Frances Street
Newton Highlands, MA 02461-1608
Tel. 617-527-9283

## AFFIDAVIT

I, Chandrakant S. Pansé, plaintiff herein, do hereby state that I attempted in good faith to complete Service of Summons and Complaint on all defendants within the time allowed by Fed. R. Civ. P. 4 (m), only to encounter unexpected difficulties, as described hereinabove.

Signed under penalties of perjury, this 20th day of November, 2004,

Chandrakant S. Pansé

Certificate of Compliance with Local Rule 7.1 (A) (2): I hereby certify that I have conferred with Mr. Charles Wyzanski, Esq., Assistant Attorney General, who represents the defendants in their official capacities, regarding this Motion, and that Mr. Wyzanski has assented to this Motion.

Chandrakant S. Pansé, plaintiff

Certificate of Service: I hereby certify that a copy of the above document was served upon Mr. Charles Wyzanski, Esq., Assistant Attorney General, who represents the defendants in their official capacities, by mail on 11-20-2004.

Chandrakant S. Pansé, plaintiff