**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

```
_____
                                )
CHANDRAKANT S. PANSE et al.,    )
                                )
        Plaintiffs,             )
                                )      C.A. No. 04-CV-11658-RWZ
v.                              )
                                )
LINDSAY NORMAN, et al.,         )
                                )
        Defendants.             )
_____)
```

**AFFIDAVIT OF LAURIE TAYLOR**

I, Laurie Taylor, hereby depose and swear:

1.    The statements made in this affidavit are based on my personal knowledge or documents kept in the regular course of business, made in good faith, at or near the time of the event described, not in anticipation of any civil litigation.

2.    I have been employed as Associate Vice President and/or Director of Human Resources at Massachusetts Bay Community College ("the College") since 1992.

3.    In March 2002, the College commenced an investigation of Pansé in response to a number of student complaints.

4.    As a result of this investigation, Paula Gastenveld, the Vice President for Academic Affairs, and

-2-

Dean Ghazi Darkazalli recommended to President Lindsay Norman that Pansé be dismissed from employment.

5.  On or about May 16, 2002, Pansé was provided a written compilation of the investigation.

6.  On May 28, 2002, Norman notified Pansé that he would be recommended for dismissal, attached a copy of the investigation and recommendation of the Vice President and Dean, and offered to discuss the matter.  Pansé declined the offer.

7.  On May 31, 2002, Norman notified Pansé of the formal charges and that he was being recommended for dismissal.  Pansé was again provided a copy of the investigation report.  The formal charges stated that Pansé had failed to teach, supervise, or be present during scheduled laboratory classes; rescheduled or reduced course time without authorization; and failed to provide instruction consistent with the course description.

8.  On July 29, 2002, Pansé was afforded a formal hearing.  This hearing lasted two days, during which time Pansé was represented by counsel, had the opportunity to call witnesses and present testimony as well as to confront and cross-examine adverse witnesses.

-3-

9.   On August 2, 2002, Norman notified Pansé that he had found the charges substantiated and Pansé was dismissed.

10.   Pansé appealed his dismissal to Judith I. Gill, the Chancellor of Higher Education, who, on August 30, 2002, denied Pansé's appeal and upheld his dismissal.

11.   The Massachusetts Community College Council/MTA ("the Union") initiated arbitration on Pansé's behalf.

12.   After an extensive hearing, on November 9, 2004 the Arbitrator issued an Opinion and Award remanding the matter to the President of the College.

13.   Interim President Andrew Scibelli, who followed Norman as President of the College, reassessed the decision.  He affirmed the dismissal.

14.   On December 15, 2004, the Union filed an appeal to arbitration.  The Union seeks Pansé's reinstatement with seniority, full back pay and benefits.  This appeal is pending.

Signed under pains and penalties of perjury this
 5th   day of January, 2005.


                            /s/Laurie Taylor_____
                            Laurie Taylor

– 4 –