UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11658-RWZ

CHANDRAKANT S. PANSE

v.

LINDSAY NORMAN, et al.

MEMORANDUM OF DECISION

September 16, 2005

ZOBEL, D.J.

    Pro se plaintiff Chandrakant S. Panse began teaching biotechnology and related courses at Massachusetts Bay Community College ("MBCC") in 1993 and received tenure in 1999.  Three years later, MBCC initiated an investigation in response to student complaints about plaintiff that resulted in a recommendation of his dismissal by Lindsay Norman, MBCC president.  After a hearing, MBCC terminated plaintiff's employment.  He lost on appeal to the Massachusetts Chancellor of Higher Education but succeeded in arbitration initiated on his behalf by the Massachusetts Community College Council (the "MCCC") under the terms of the collective bargaining agreement (the "CBA") governing his employment.  The arbitrator found no just cause for plaintiff's dismissal and remanded the matter to Norman for reassessment.  Norman reaffirmed the termination, and MCCC's appeal is currently pending.

    Contemporaneously, plaintiff filed the instant action against Norman and several other MBCC employees (collectively, "MBCC defendants"), the Chancellor and Vice

Chancellor of the Board of Higher Education (together, "BHE defendants"), Governor Mitt Romney, and John King, Commissioner of the Division of Unemployment Assistance ("DUA"). Although plaintiff also named the Board of Trustees for MBCC and the state Board of Higher Education as defendants, he did not specify any counts against them. His amended complaint set forth the following claims under 42 U.S.C. § 1983 against MBCC defendants, BHE defendants and Governor Romney, all in their personal capacities: Count I, assault and battery; Count II, intentional infliction of emotional distress; Count III, violation of certain rights under the United States and Massachusetts constitutions; Count IV, defamation; and Count VII, violation of certain unnamed additional duties. Plaintiff alleged assault and battery in Count V and conversion and invasion of privacy in Count VI, both under 42 U.S.C. § 1983, against Laurie Taylor, individually and personally, as the MBCC defendant who served as Director of Personnel and Affirmative Action Officer. Plaintiff also accused Mr. King and DUA in Count VIII of violating a duty for prompt and timely processing of benefits. Count IX does not contain additional allegations but, instead, identifies further remedies sought by plaintiff in addition to those listed in each of the counts I through VIII. All defendants moved for dismissal or, in the alternative, summary judgment on all counts.

Each of the counts challenged conduct under 42 U.S.C. § 1983. "A person may recover damages [under § 1983] from a state or local official who, while acting under color of state law, commits a constitutional tort." Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002). Only in part of Count III, however, did plaintiff allege violation of

federally created rights. The claims raised in the other counts involve rights typically secured under state law, and plaintiff identified no legal basis – and the Court is unaware of any such basis on the present record – for alleging these other counts under federal law or the Constitution. Accordingly, defendants' motion to dismiss is allowed as to all counts except for Count III.

In Count III, plaintiff's remaining federal claim, he asserted two violations of his federal constitutional rights by MBCC defendants, BHE defendants and Governor Romney. First, he argued that defendants' means for terminating him and the resulting elimination of benefits effected a denial of procedural and substantive due process under the Fifth Amendment. Second, he characterized his dismissal as a retaliatory act by these defendants in response to his exercise of the First Amendment right to freedom of speech. As to the first violation, defendants asserted that they provided sufficient procedural and substantive due process. Regarding the second violation, they disputed both that plaintiff's speech triggered First Amendment protection and that a causal relationship existed between such speech and plaintiff's dismissal. Additionally, in general defense to both federal claims, defendants asserted qualified immunity as public officials whose conduct would not reasonably be construed as violating plaintiff's rights. It is clear from the parties' briefs that factual disputes underlie all of these claims. Because summary judgment is thus inappropriate at this stage of litigation, defendants' motion is denied as to Count III. Dismissal is also denied, as defendants have not identified any insufficiencies in plaintiff's actual pleading of these claims. As defendants asserted no basis for summary judgment or

dismissal of plaintiff's claims in Count III under the Massachusetts Constitution, these also survive defendants' motions.

With respect to the other counts, defendants' motion to dismiss would be allowed even if the Court treated these as having been properly pled under state law. In Count I, plaintiff argued that the elimination of medical and dental benefits by MBCC defendants, BHE defendants and Governor Romney in connection with his termination "and the resulting humiliation and physical harm amounted to unconsented to touching and hence battery with transferred intent, upon plaintiffs by defendants." Am. Compl. ¶ 52. He further asserted that the apprehension experienced with "every incidence of need of medical or dental care" amounted to assault. Am. Compl. ¶ 53. Under Massachusetts law, battery involves an unconsented to, intentional, harmful or offensive touching of another person. See Waters v. Blackshear, 412 Mass. 589, 590-591 (1992). An attempted or threatened battery constitutes assault. See Conley v. Romeri, 799, 805 n.6 (2004). Because the absence of medical and dental care and resulting humiliation do not amount to a "touching" under the law, defendant's motion to dismiss would be allowed as to Count I.

Plaintiff contended in Count II that conduct by MBCC defendants, BHE defendants and Governor Romney surrounding the circumstances of his dismissal resulted in their intentional infliction of emotional distress upon him. In order to establish this tort, plaintiff

> must establish '(1) that the defendant[s] intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of his conduct, but also (2) that the defendant[s'] conduct was

4

> extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community, (3) the actions of the defendant[s] were the cause of plaintiff's distress, and (4) the emotional distress suffered by the plaintiff was severe and of such a nature that no reasonable person could be expected to endure it.'

Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 466 (1997), quoting Payton v. Abbott Labs, 386 Mass. 540, 555 (1982). Plaintiff failed to identify any specific conduct by defendants as the basis for this claim, and none of the conduct alleged in the Amended Complaint rises to the level of malice required to demonstrate such intentional infliction. Whether defendants acted with proper motive and fully executed their duties remains in dispute, but plaintiff has not alleged any facts that, if proven, would establish conduct by defendants "beyond all possible bounds of decency." Accordingly, Count II would be dismissed.

In Count IV, plaintiff alleged defamation by MBCC defendants, BHE defendants and Governor Romney. He must establish that

> (a) [t]he defendant[s] made a statement, concerning the plaintiff, to a third party . . . [,] (b) [t]he statement could damage the plaintiff's reputation in the community . . . [,] (c) [t]he defendant[s] [were] at fault in making the statement . . . [and] (d) [t]he statement either caused the plaintiff economic loss . . . or is actionable without proof of economic loss.

Ravnikar v. Bogojavlensky, 438 Mass. 627, 629-30 (2003). In his pleading, plaintiff failed to identify any specific defamatory statements or the author of any such statements, much less a causal relationship between the statements and his alleged injury. Count IV would thus be denied.

Plaintiff asserted Counts V and VI against a single MBCC defendant, Laurie Taylor, Director of Personnel and Affirmative Action Officer. In Count V, plaintiff

5

charged Ms. Taylor with assault and battery for delivering the termination decision to plaintiff "with a 'bang,' . . . in an unconsented to and offensive manner." Am. Compl. ¶ 65. In light of the Massachusetts law on civil assault and battery already discussed, defendant's motion to dismiss is allowed, as plaintiff failed to plead the elements necessary to establish a prima facie case in Count V. Count VI regards Ms. Taylor's alleged invasion of privacy and conversion of plaintiff's personal property by ordering and supervising the removal of certain of his belongings from his office without his permission. Invasion of privacy occurs upon violation of the statutory "right against unreasonable, substantial or serious interference with [an individual's] privacy." Mass. Gen. Laws ch. 214, § 1B. Plaintiff has not pled facts sufficient to demonstrate an "unreasonable, substantial or serious" interference with his privacy. "Conversion requires the exercise of dominion or control over the personal property of another." Third Nat. Bank of Hampden County v. Continental Ins. Co., 388 Mass. 240, 244 (1983). Plaintiff provided only an incomplete listing of items allegedly converted, including computer data, an item in which his ownership interest is, at best, unclear. Moreover, plaintiff never reconciled his alleged ownership interest with the fact that he had been fired and presumably no longer had authority to maintain his belongings in his prior office. Defendants' motion would be allowed as to both Counts V and VI.

In Count VII, plaintiff contended that MBCC defendants, BHE defendants and Governor Romney "owed [him] certain duties, particularly in view of the special relationships existing amongst the parties, that defendants, acting under the color of state laws, breached those duties, that plaintiff suffered injuries and damages, and

further that defendants' conduct was a cause in fact and proximate cause of plaintiffs' damages." Because plaintiff did not identify any certain duty, conduct, injury or damage in this Count VII, defendants' motion to dismiss would be allowed.

Defendant's motion to dismiss would also be allowed on Count VIII. Plaintiff argued that John King, DUA Commissioner, and/or DUA itself breached a duty to pay unemployment benefits on a timely basis. However, plaintiff did not identify any statutory, regulatory or common law authority that established such a duty, much less the elements of an action for its violation.

Accordingly, defendants' motion for dismissal and/or summary judgment (#15 on the docket) is allowed except as to Count III.

|  |  |
|---|---|
| _____ DATE | /s/ Rya W. Zobel _____ RYA W. ZOBEL UNITED STATES DISTRICT JUDGE |