UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 NOV 28  P 4:37
U.S. DISTRICT COURT
DISTRICT OF MASS.

C. A. No. 04-CV-11658-RWZ

C. S. PANSÉ, et al.,     Plaintiffs     }
                                        }
v.                                      }              **URGENT**
                                        }
Lindsay NORMAN, et al.,   Defendants    }

PLAINTIFFS' MOTION FOR RESTRAINING ORDER OR PRELIMINARY INJUNCTION TO ENJOIN DEFENDANTS FROM WITHHOLDING PAY AND HEALTH INSURANCE

Pursuant to Fed. R. Civ. Proc. 65, Plaintiffs respectfully move that this Court enjoin the Defendants President of Mass Bay Community College and Chancellor of Higher Education from withholding any longer the backpay and the family medical and dental insurance plans of Plaintiff (plaintiff in the singular refers to the undersigned, other plaintiffs are his minor children) in view of

(i) an Arbitrator's finding, in substance, that the Defendants engaged in raw abuse of governmental power in retaliatory and fraudulent termination of this tenured professor with protected property and liberty interests in his employment,

(ii) the Defendants engaged in such misconduct in spite of a written Federal Warning during a Federal investigation of the employer to not retaliate against or intimidate the Plaintiff,

(iii) the Defendants engaged in such misconduct despite a warning in a parallel case from the United States Court of Appeals for the First Circuit[1] that this employer risked the Court making law which the employer "does not want made,"

---

[1] Oral Argument on 10/9/03 in *Jackson* v. *Norman*, No. 02-2425, at or about 13:05 min. of the audio record (vacating the District Court; not for publication, not to be cited as precedent except in the 1st Circuit;) *see also*, *Jackson* v. *Norman*, 1:05-cv-11429-RWZ (U.S.D.C. Mass.)

(iv) the Plaintiffs have suffered injuries so irreparable as to be not compensable, as elaborated by the Supreme Court of the United States (*Loudermill*, 470 U.S. 532, 549 (1985), )

(v) employer's frivolous appeal in the state court having been rejected, the Defendants have <u>absolutely no choice but to pay</u> to the Plaintiff the full-time-backpay part of the Arbitrator's 'make whole' Order (*see*, Affidavit, enclosed, for Plaintiff's efforts at mitigation of damages,) yet are engaged in further retaliatory misconduct by not paying and making all the Plaintiffs suffer even more, beyond said irreparable injuries,

(vi) the Defendant President having declared on Oct. 18, 2005 that the backpay would be forthcoming, there exists no reason whatsoever for the Defendants to not pay the Plaintiffs at once the above backpay, and the Defendants will not be unfairly prejudiced in any way by a Court Order enjoining the Defendants from withholding the backpay,

(vii) there exists no reason whatsoever for the Defendants to not provide the same medical and dental insurance plans as provided to all other comparable employees of the college, and the Defendants will not be unfairly prejudiced in any way by a Court Order enjoining the Defendants from withholding the health insurance plans, and

(viii) there exists an urgent and dire and critical need to stop the Plaintiffs' continuing injuries at once (which will also result in mitigation of mounting damages for the Defendants.)

    Wherefore, Plaintiffs request that this Court honor, with all due respect, at least now, the United States Court of Appeals for the First Circuit and of the United States Supreme Court, and the law, and restrain and stop the Defendants at once from withholding the relief requested, (vi-vii, *supra*.) In order to alleviate extreme hardship, Plaintiffs' specifically request an immediate Order to the Defendants to

(a) pay one-third of the backpay due, $ 56,943.77, as an advance withing 24 hours, with the rest

of the above backpay, minus lawful deductions for taxes, retirement, etc., to be settled within three business days, and

(b) provide documentation of medical and dental insurance, as acceptable to providers of care, within three business days.

Further facts and Argument for this motion are set forth in attached Memorandum and Affidavit.

Respectfully submitted, Nov. 28, 2005,

Chandrakant S. Pansé
34 Frances Street
Newton Highlands, MA 02461-1608
Tel. 617-527-9283
Email DrCP@rcn.com

CERTIFICATE OF SERVICE

I hereby certify under the penalties of perjury that I served a copy of the Motion, Memorandum, Affidavit and Certificates herein by electronic transmittal as well as by prepaid First Class Mail to Charles Wyzanski, *Esq.*, Asst. A.G., counsel for Defendants, on 11/28/05.

Chandrakant S. Pansé, Plaintiff

LOCAL RULE 7.1(A)(2) CERTIFICATE

Plaintiff certifies under the penalties of perjury that Charles Wyzanski, *Esq.*, Asst. A.G., Counsel for Defendants, REFUSED in writing[2] to confer with the Plaintiff regarding the Motion for Injunction herein.

Chandrakant S. Pansé, Plaintiff

---

[2] On Fri. 11/25/2005 at about 11:42 am, Plaintiff sent the following e-mail to the counsel:

"Dear Mr. Wyzanski,

I have left a voicemail for you at your office, requesting an immediate Local Rule 7.1 Conference for my proposed Motion for a FRCP 65 Injunction to stop the state from withholding any longer the 3 yrs and 3 months of the backpay part of my make-whole remedy, as well as medical and dental benefits.

I must have at once $ 170,831.31 ($ 2295.38 per pay period x 83.7 pay periods = $ 192,123.31, - unemployment $ 21,292.00), minus deductions for taxes and retirement contributions pursuant to plans in existence in 7/02. I also must have at once proof of medical and dental insurance as acceptable to providers of health care.

Very truly,

cp"

In less than 10 minutes, as seen by time-stamps on messages, the counsel replied:

"Dear Dr. Panse,
I have your e-mail (here at home, it being a nationally recognized holiday) and want to remind you that your back pay claims and other contract claims are a matter of state law and one which you chose to resolve in the first instance through state procedures. These are being handled, as you know, by the Bay State's administration and its legal counsel, Haidee Morris. You should be dealing with her and not me.
Very truly yours,
Charles Wyzanski"

NB: The Office of the Clerk of this Court was open for business on the counsel's "nationally recognized holiday," 11/25/05, but it would be a surprise if the counsel did not persist in his lies.