UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                   )
                                   )
CHANDRAKANT S. PANSE et al.,       )
                                   )
    Plaintiffs,                    )
                                   )   C.A. No. 04-CV-11658-RWZ
v.                                 )
                                   )
LINDSAY NORMAN, et al.,            )
                                   )
    Defendants.                    )
_____)

**DEFENDANTS' MOTION TO QUASH PLAINTIFF'S DEPOSITION SUBPOENA OF GOVERNOR MITT ROMNEY**

NOW comes defendant Governor Mitt Romney ("the Governor") and, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure,[1] moves to quash the deposition subpoena of plaintiff Chandrakant S. Pansé ("Pansé") which would command his attendance on June 26, 2006.[2]  The deposition of the Governor should not be had because the Governor is a top government executive with no personal knowledge of any of the events in question and any

---

[1] Fed.R.Civ.P. 26(c) provides in pertinent part that:
Upon motion by a party...and for good cause shown, the court...may make any order which justice requires to protect a party...from annoyance, embarrassment, oppression, or undue burden or expense, including (1) that the discovery not be had..."

[2] A copy of the deposition notice is annexed as Exhibit A.

potentially relevant information could be obtained through lower-ranking officials.

Pansé has brought this _pro se_ action pursuant to 42 U.S.C. §§ 1983 and 1988 seeking damages arising out of the August 2002 termination of his employment as a tenured professor at Massachusetts Bay Community College ("the College"). In addition to the Governor, Pansé has named as defendants various officials of the College, the Board of Higher Education, and the Division of Unemployment Assistance.

Pansé's Complaint sounded in nine counts, all but one of which was dismissed by this Court's Memorandum Decision and Order of September 16, 2005. Only Count III remains, in which Pansé alleges that the termination of his employment denied him due process under the United States and Massachusetts Constitutions.

As averred on behalf of the Governor in answer to Pansé's interrogatories, the Governor had no communication regarding Pansé's employment, its termination, or any of the surrounding circumstances.[3] Even if the Governor did have some passing personal knowledge regarding Pansé, that would not entitle Pansé to take his deposition. As has

---

[3] A copy of the Governor's Responses to Plaintiff's Interrogatories is annexed as Exhibit B.

been noted in this Circuit, "[i]n general, heads of government agencies and other top government executives are normally not subject to deposition." Church of Scientology of Boston v. I.R.S., 138 F.R.D. 9, 12 (D. Mass. 1990)(citations omitted); see Low v. Whitman, 207 F.R.D. 9 (D.D.C. 2002)(protective order granted EPA Deputy Chief of Staff); Gomez v. City of Nashua, 126 F.R.D. 432, 435 (D. N.H. 1989) (motion to quash subpoena of Attorney General granted); Alex v. Jasper Wyman & Son, 115 F.R.D. 156 (D. Me. 1986)(same as to Department of Labor officials); Sykes v. Brown, 90 F.R.D. 77, 78 (E.D. Pa. 1981)(same as to head of Defense Personnel Support Center). The rationale for this general prohibition is obvious: high ranking officials "must be free to conduct their jobs without the constant interference of the discovery process." Church of Scientology of Boston, 138 F.R.D. at 12.

The fact that Pansé has willy-nilly made the Governor a defendant cannot, in and of itself, permit Pansé to take the Governor's deposition. It is well-established that there must be some affirmative showing that useful information could not be obtained through a lower-ranking official, or through some other source or by some other method. Id. at 12; accord Martin v. Valley National Bank of Arizona, 140 F.R.D. 291, 314 (S.D.N.Y. 1991); Gomez, 126

F.R.D. at 434; Alex, 115 F.R.D. at 159; Sykes, 90 F.R.D. at 78; Halperin v. Kissinger, 606 F.2d 1192, 1209-10 n.120 (D.C. Cir. 1979), aff'd in part, cert. dismissed in part, 452 U.S. 713 (1981); see Simplex Time Recorder Co. v. Secretary of Labor, 766 F.2d 575, 586 (D.C. Cir. 1985)(top officials in U.S. Department of Labor); Kyle Engineering v. Kleppe, 600 F.2d 226, 231 (9th Cir. 1979)(head of Small Business Administration); Peoples v. United States Department of Agriculture, 427 F.2d 561, 567 (D.C. Cir. 1970)(noting, as to Secretary of Agriculture, that "subjecting a cabinet officer to oral deposition is not normally countenanced"); Martin, 140 F.R.D. at 314 (top ERISA officials at U.S. Department of Labor); Alex, 115 F.R.D. at 156 (declining to order U.S. Department of Labor to designate any official to be deposed on matters specified by requesting party); Community Federal Savings and Loan v. Federal Home Loan Bank Board, 96 F.R.D. 619, 621 (D.D.C. 1983)(members of the Federal Home Loan Bank Board); Cornejo v. Landon, 524 F.Supp. 118, 122 (N.D. Ill. 1981)(state's acting commissioner of insurance); Sykes (head of Defense Personnel Support Center).

   Written interrogatories are a good indication of whether a useful purpose will be served by deposition. Olivieri v. Rodriguez, 122 F.3d 406 (7th Cir.), cert. denied

-5-

552 U.S. 1110 (1997)(written interrogatories indicated whether deposition of police superintendent would serve any useful purpose). Pansé's interrogatories of the Governor demonstrate the contrary.[4] They are intended to do no more than hector and harass, as evident from such interrogatories as:

> Interrogatory 4
> Please describe in detail your understanding of the extent of discrimination against peoples of minorities in Massachusetts, and in the United States generally, during the past seven years at a minimum and more years if you so wish.
>
> Interrogatory 5
> Please describe in detail every notice or complaint since April 1999 regarding any alleged discrimination by an employee which you were made aware of in your capacity as a supervisor or manager.
>
> * * *
>
> Interrogatory 9
> With reference to recent media reports of your donations, please describe in detail any contribution(s), charitable or otherwise, monetary or otherwise, you or your spouse or your child(ren) made to any institution, whether religious or educational or otherwise, within a three year period of public protests against such an institution, when the protested activity was alleged discrimination against a minority by that institution.[5]

---

[4]  Id.
[5]  Id.

For all the above reasons, then, the deposition subpoena of the Governor should be quashed and a protective order entered on his behalf.

**Respectfully submitted,**

**LINDSAY NORMAN, PAULA GASTENVELD, LAURIE TAYLOR, GHAZI DARKAZALLI, THOMAS SABBAGH, the MBCC BOARD OF TRUSTEES, JUDITH I. GILL, PETER H. TSAFFARAS, the MASSACHUSETTS BOARD OF HIGHER EDUCATION, JOHN A. KING, MITT ROMNEY, ANDREW SCIBELLI, and HAIDEE MORRIS, in their individual and official capacities,**

**By their Attorney,**

**THOMAS F. REILLY**

**ATTORNEY GENERAL**


**/s/Charles M. Wyzanski_____**
**Charles M. Wyzanski**
**BBO # 536040**
**Assistant Attorney General**
**One Ashburton Place**
**Boston, Massachusetts 02108**
**Tel. No. 617-727-2200**