# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. No. 04-CV-11658-RWZ

C. S. PANSÉ, et al.,     Plaintiffs    }
    }
v.     }
    }
Lindsay NORMAN, et al.,    Defendants   }

PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF DEFENDANT GOVERNOR

To: Charles Wyzanski, Esq., Asst. Atty. Gen.

      Please take notice that the undersigned Plaintiff, Chandrakant Pansé, will take the testimony upon oral examination, to be recorded by stenographic means, of Defendant Governor Mitt Romney before a Notary Public and Certified Court Reporter in and of this Commonwealth, on Monday June 26, 2006, at 10:00 A.M., and thereafter from day-to-day as the taking of the deposition may be adjourned,
at MassBay Community College (a Commonwealth of Massachusetts facility), Room 503,
   50 Oakland Street, Wellesley Hills, MA 02481,
at which time and place you are notified to appear and take such part in the examination as you may be advised and as shall be fit and proper.

Dated: 6/10/06

*(signature)*
Chandrakant S. Pansé
34 Frances Street
Newton Highlands, MA 02461-1608
Tel. 617-527-9283

Certificate of Service: I hereby certify under the penalties of perjury that I served the above Notice by prepaid First Class Mail to C. Wyzanski, *Esq.*, A.A.G., counsel for Defendants, on 06/10/2006.

*(signature)*
Chandrakant S. Pansé

# EXHIBIT B

-1-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHANDRAKANT S. PANSE et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 04-CV-11658-RWZ |
| v. ) | |
| ) | |
| LINDSAY NORMAN, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ROMNEY'S ANSWERS TO PLAINIFF'S CORRECTED INTERROGATORIES**

GENERAL OBJECTIONS

1. Defendant Mitt Romney ("the defendant") objects to any request to the extent that it seeks information protected by the work product doctrine, attorney-client privilege, or any other privilege.

2. The Defendant objects to any request to the extent that it seeks personal information protected under G.L. c. 66A and any attendant regulations.

3. The Defendant objects to any request to the extent that it seeks to impose discovery obligations that exceed those imposed by the Federal Rules of Civil Procedure.

4. The Defendant objects to any request to the extent that it seeks to discover irrelevant information or is not reasonably calculated to lead to the discovery of admissible evidence.

5. The Defendant hereby incorporates each of the preceding objections into each of its specific responses, which are set forth below.

Interrogatory 1

Please state, for the record, your full name, date of birth

-2-

and full address.

### Answer 1

Mitt Romney, State House, Room 360, Boston, MA 02133.

**Objection.** The Defendant objects to that portion of the interrogatory requesting his date of birth as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

### Interrogatory 2

Please describe in detail all of your college education, your entire professional record, and all voluntary endeavors, setting forth the time and place of each occurrence. Please note that this Interrogatory may be answered by providing a copy of your curriculum vitae setting forth the time and place of each of the requested occurrences.

### Answer 2

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and not reasonably calculated to lead to the discovery of admissible evidence.

### Interrogatory 3

Please describe in detail your position on the issue of affirmative action in general, and any need for the Federal grant at issue in this lawsuit (as described in the Amended Complaint) to promote science education amongst minority students in particular.

### Answer 3

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and

-3-

not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 4

Please describe in detail your understanding of the extent of discrimination against peoples of minorities in Massachusetts, and in the United States generally, during the past seven years at a minimum and more years if you so wish.

   Answer 4

   **Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 5

Please describe in detail every notice or complaint since April 1999 regarding any alleged discrimination by an employee which you were made aware of in your capacity as a supervisor or manager.

   Answer 5

   **Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 6

Please describe in detail everything you have done in regard to any steps taken, or ordered to be taken by your subordinates or appointees, or urged to be taken by any person, to address discrimination, actual or perceived, against any minority

-4-

individual(s) anywhere, during the past seven years at a minimum and more years if you so wish.

Answer 6

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 7

With reference to the written warning from an Office for Civil Rights of the Federal Government, pursuant to the laws and regulations of the United States, and with reference to the Arbitrator=s holding that state education officials could not even justify any discipline against the Plaintiff let alone discharge (both of the above as described in the Amended Complaint in this lawsuit,) please describe in detail your reason(s), if any, why it was not gross abuse of power for those state officials to violate laws and terminate the Plaintiff's state employment.

Answer 7

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 8

With reference to the written Civil Rights warning and the Arbitrator=s holding as described in Interrogatory (7) above, please describe in detail your reason(s), if any, why it was not

-5-

dereliction of duty for you personally, and violation of your Oath of your Office to uphold Civil Rights and other laws, in failing to Order the Plaintiff=s reinstatement in order to end the Plaintiffs= sufferings at once, followed by disciplining the state officials concerned, when the Complaint was served on you in November 2004.

Interrogatory 8

With reference to the written Civil Rights warning and the Arbitrator=s holding as described in Interrogatory (7) above, please describe in detail your reason(s), if any, why it was not dereliction of duty for you personally, and violation of your Oath of your Office to uphold Civil Rights and other laws, in failing to Order the Plaintiff=s reinstatement in order to end the Plaintiffs= sufferings at once, followed by disciplining the state officials concerned, when the Complaint was served on you in November 2004.

Answer 8

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 9

With reference to recent media reports of your donations, please describe in detail any contribution(s), charitable or otherwise, monetary or otherwise, you or your spouse or your child(ren) made to any institution, **whether religious** or

-6-

educational or otherwise, within a three year period of public protests against such an institution, when the protested activity was alleged discrimination against a minority by that institution.

Answer 9

**Objection**. The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 10

With reference to media reports of your service as a missionary for your Church, please describe in detail all of your work as a missionary or other full time work for your Church, setting forth the location(s) and period(s) of time for each separate tour of duty.

Answer 10

**Objection**. The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 11

With reference to media reports of your service as a missionary for your Church, please describe in detail how closely you identify yourself with the teachings and the positions of your Church regarding the matters of discrimination against a minority.

Answer 11

-7-

> **Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 12

With reference to media coverage of the policies of your Church, please describe in detail your understanding of any history of, and the position of, your Church in regard to discrimination against minority persons, and how this history and/or position changed over time if it so changed.

> Answer 12
>
> **Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 13

Please describe in detail the role religion in general, and your Church in particular, have played in your adult life, and how this role of religion has changed over time if it has changed.

> Answer 13
>
> **Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 14

Please describe in detail each of your activities connected with your Church, voluntary or otherwise, on which you spent more than half or your time for at least one week at a stretch in your

-8-

adult life and which is not reported in your Answers to Interrogatories (2) or (10) above.

<u>Answer 14</u>

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

<u>Interrogatory 15</u>

Please describe in detail the role of the Chancellor of Higher Education of Massachusetts in your administration, as an Officer of your Cabinet and otherwise, since you assumed your current Office, the extent of your contacts with this Chancellor in comparison to other members of your Cabinet, your relationship with this Chancellor during this period, and the role played by this Chancellor in establishing and administering any state policies.

<u>Answer 15</u>

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

<u>Interrogatory 16</u>

Please describe in detail every communication you have had regarding this lawsuit, whether oral or on paper or electronic or otherwise, setting forth the date and each individual involved and the substance of each such communication, specifying each instance of non-disclosure of substance of the listed

-9-

communication pursuant to any privilege.

Answer 16

None.

Interrogatory 17

With reference to the Opinion of the Office of the Massachusetts A.G., dated 12-8-2004, as described in the Amended Complaint in this lawsuit, please describe in detail your reason(s) for any belief that it was not raw abuse of power for the state higher education officials, and for you personally, to fail to promptly reinstate the Plaintiff to his position.

Answer 17

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 18

Please describe in detail your position regarding the tenure system for professors, setting forth the pros and the cons of the tenure system as you see them.

Answer 18

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 19

If you have any reason(s) to believe that it was not raw abuse of state power to terminate the Plaintiff, a tenured

-10-

professor, where the Arbitrator held that the state employer could not even impose any discipline on the Plaintiff, please describe in detail your reason(s) for your belief.

Answer 19

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 20

If you have any reason(s) to believe that it was not raw abuse of power for state higher education officials to terminate the Plaintiff, a tenured professor with protected federal interests in his employment, where the United States Supreme Court had said that the employer suspend such an employee <u>with pay</u> pending final outcome of any enquiry (470 U.S. 544,) because the Plaintiffs= post-deprivation injuries from a wrongful termination would be so grave as to be never recompensed (470 U.S. 549,) please describe in detail any such reason(s) of yours for any such belief of yours.

Answer 20

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 21

If you have any reason(s) to believe that it was not raw abuse of state power to deny the Plaintiff his full unemployment

-11-

benefits and unduly deny what was eventually paid, please describe in detail your reason(s) for your belief.

Answer 21

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 22

If you have any reason(s) to believe that it was not raw abuse of state power for a state college president to declare that college officials were determined to terminate two tenured professors, Aone a black and the other Indian,@ and then to conduct a hearing which in essence was determined by a mutually agreed to Arbitrator to be an absolute sham, all as described in the Amended Complaint, please describe in detail your reason(s) for your belief.

Answer 22

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 23

If you have any reason(s) to believe that it was not raw abuse of state power for the Chancellor of Higher Education to receive a declaration that a state college president was determined to terminate two tenured professors, Aone a black and the other Indian,@ and then to have a hearing conducted which in

-12-

essence was determined by a mutually agreed to Arbitrator to be an absolute sham, all as described in the Amended Complaint, please describe in detail your reason(s) for your belief.

    Answer 23

    **Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 24

Please describe in detail your understanding of the need of the State of Massachusetts, after reinstatement of the Plaintiff in Oct. 2005 to his old position, to deny his family any medical and dental insurance as provided to the families of other similarly positioned state employees, or to charge him more than what similarly positioned state employees are charged for the medical insurance provided to him individually.

    Answer 24

    **Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 25

Please describe in detail your understanding of the need of the State of Massachusetts to destroy an educational program in which minority students thrived and which was upheld by the Federal Government as a model to be emulated in our Country, as described in the Amended Complaint, and resist all efforts to

-13-

rebuild the program after the state successfully destroyed it.

Answer 25

**Objection.** The Defendant objects on the grounds that this request as beyond the scope of Fed. R. Civ. P. Rule 26 and is unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

_____
Brian J. Leske
Deputy Chief Legal Counsel
Office of Governor Mitt Romney

AS TO OBJECTIONS:

_____
Charles M Wyzanski
BBO #536040
Assistant Attorney General
Trial Division
200 Portland Street, 3rd Floor
Boston, Massachusetts 02114
Tel. (617) 727-2200, Ext. 3093