UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11658-RWZ

CHANDRAKANT S. PANSE, et al.

v.

LINDSAY NORMAN, et al.

ORDER CONCERNING VARIOUS MOTIONS

July 14, 2006

ZOBEL, D.J.

    Chandrakant S. Panse, on his own behalf and on behalf of his three children, filed this law suit against a large number of officials of Massachusetts Bay Community College ("MBCC"), the State Board of Education, the Commissioner of the Division of Unemployment Assistance, and the Governor of the Commonwealth. He alleged violations of his rights under common law, Massachusetts statutes, and the state and federal constitutions all arising out of his termination of employment at MBCC. An earlier ruling on defendants' motion for summary judgment pared the case to one count for violations of the United States and Massachusetts constitutions. Thereafter plaintiff filed three motions:

    1. Motion to certify questions for interlocutory appellate review (#33, filed November 1, 2005)

    2. Motion for sanctions (#35, filed November 1, 2005), and

3. Motion for preliminary injunction to enjoin defendants from withholding pay and health insurance (#37, filed November 28, 2005).

Although this court had not ruled on any of these motions, plaintiff, on December 6, 2005, filed an appeal "from interlocutory decision of denial/modification of injunction." That appeal was dismissed on July 11, 2006, because there had not been a ruling on the merits of this motion. During the pendency of the appeal, this court was deprived of jurisdiction to decide the motion.

The motion for certification, #33, is denied as none of the rulings on summary judgment involved controlling questions as to which there is substantial ground for differing views, nor would an immediate appeal materially advance the resolution of this case.

In the motion for sanctions, #35, plaintiff asserts a series of "lies" by defendants and defense counsel in their summary judgment papers. What plaintiff terms "lies" are arguments in support of summary judgment, and they are arguments that were neither frivolous nor legally unsupported. Finally, plaintiff cites no authority for an award of attorneys' fees to a pro se litigant. The motion is denied, and the court urges plaintiff to focus on the claims in the case.

The motion for a preliminary injunction is denied. The cause of action underlying this motion has been dismissed and, to the extent it is wrapped into the civil rights claims, the motion seeks a decision on the merits without proper evidence.

While the case was on appeal, plaintiff apparently noticed the deposition of Governor Romney, and defendant has filed a motion to quash the deposition subpoena

(#44). Plaintiff opposes and moves to compel the governor's answers to interrogatories. The motion to quash is allowed. Through his legal counsel Mr. Romney has asserted that he has no personal knowledge of the events in question, and the complaint does not charge him with being personally involved in the decisions that led to the lawsuit. Heads of state are, in any event, not normally required to respond to depositions. For the same reasons and because the interrogatories are not designed to lead to admissible evidence, the motion to compel (#46) is denied.

    Finally, the parties agreed at a scheduling conference on July 12, 2006 that all discovery would be completed by August 31, 2006. The court ordered that any dispositive motions be filed by October 27, 2006; oppositions are due on November 10, 2006, and the court scheduled argument on November 15, 2006.

| | |
|---|---|
|    07/14/06    |  /s/ Rya W. Zobel    |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |