UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 NOV 13 P 3 23

C. A. No. 04-CV-11658-RWZ

U.S. DISTRICT COURT
DISTRICT OF MASS.

C. S. PANSÉ, et al.,        plaintiffs   }
                                          }
v.                                        }
                                          }
L. NORMAN, et al.,          defendants   }

PLAINTIFFS' MOTION FOR THE COURT (ZOBEL, J.) TO STIKE AND RECUSE

In this action to recover for injuries suffered due to raw, unending and repulsive abuse of governmental power by high state officials, the undersigned Plaintiff respectfully demands that this Court (Zobel, J.), on grounds below, strike all rulings unfavorable to Plaintiffs and recuse in the interest of justice, and in the interest of judicial economy.

I. VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO FED. R. CIV. PROC. 5 AND 11

Plaintiff filed 3 motions in November 2005. Each carried an unmistakable recitation of Service pursuant to the applicable Fed. R. Civ. Proc. *See*, Exhibits A, B, C. (Exhibit C, pursuant to Rule 11, is an Affidavit indicating that counsel for Defendants acknowledged Service.) This Court nonetheless ruled that it appeared that none of these were served. Exhibit D.[1] Plaintiff called and left voice mail messages on 617-748-9187, the publicly listed telephone number for this Court's clerk at said time, that Service had been made[2]. Affidavit, attached. The actions of this Court apparently so shocked the Office of state Atty. General that the Assist. Atty. General

---

[1] Plaintiff never received this Court Order, electronically or in mail. Affidavit, attached.

[2] This was to no avail. Affidavit, attached.

involved, on 12-1-2005, during a Local Rule 7.2 conference for Plaintiff's motion to acknowledge Service, asked the Plaintiff *sua sponte* why this Court would do this. Plaintiff replied that this Court was not being able to be neutral in this action. The Assist. Atty. Gen. did not dispute this, but instead opined that the Court was not giving the Plaintiff any breaks. Plaintiff responded that he did not need any breaks as he had followed all the Rules.[3] *Id.*

On appeal for denial of injunctive relief only, where Plaintiff did not deem it necessary to argue that this Court had *repeatedly* denied recognition of obvious Service, or that Plaintiff had made repeated phone calls, the Appeals Court, apparently not taking cognizance of the reaction of the state A.G.'s Office, ruled that this Court was in error in failing to recognize certification of one Service and that Plaintiff should have telephoned to bring this error to this Court's attention.

Wherefore, above actions of this Court allegedly constitute grave violations of the Plaintiffs' rights pursuant to said Rules.

II. VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO FED. R. CIV. PROC. 11

On the Plaintiff's motion for sanctions, this Court has ruled in effect, by Order dated July 14, 2006, that it is permissible for counsel to submit fraudulent certification to a Court, or otherwise deliberately mislead a Court, and urge this Court to overturn the U.S. Supreme Court, etc., if such is done for the purposes of arguing a motion for summary judgment.

Said actions of this Court allegedly prompt counsel to perpetuate frauds on this Court against the Plaintiffs and constitute grave violations of the Plaintiffs' rights pursuant to said Rule.

---

[3]On Dec. 1, 2005, Plaintiff hand-carried to the courthouse, and filed, said motion for acknowledgment of Service, and again left a voice mail message at said clerk's said telephone number that such motion had been submitted for urgent consideration. Affidavit, attached. Said Motion was not even docketed for many months.

III. VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO FED. R. CIV. PROC. 8

Where the Fed. R. Civ. Proc. 8(a)(2) calls for a "short and plain statement of the claim," and where the purpose and the function of the state Division of Unemployment Assistance has never been in doubt to any average member of the public, this Court, by Order dated 9-15-2005, dismissed this Defendant because the Plaintiffs did not cite "any statutory, regulatory or common law authority that established" a duty for this Defendant to pay unemployment benefits, "much less the elements of an action for its violation." Where reinstatement of this Defendant on appeal would require another whole new trial, this Court, by Order dated 7-16-2006, denied a motion to report this issue for clarification of said Rule, on the grounds that said Rule was not a controlling question as to dismissal of this Defendant from this action or would not materially advance the resolution as to this Defendant.

Wherefore, said actions of this Court allegedly constitute grave violations of the Plaintiffs' rights pursuant to said Rule.


IV. VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO FED. R. CIV. PROC. 65

This Court, in Order dated 7-16-2006, denied the Plaintiff's motion for a preliminary injunction on grounds that "the cause of action underlying this motion has been dismissed and, . . . the motion seeks a decision on the merits without proper evidence." However, Rule 65 does not limit a preliminary injunction to any specific causes of action, and a litigant is entitled to consideration of a Rule 65 motion if there exists a pending action; no evidence other than undisputed obvious facts, viz., the state provides family medical insurance to its employees, and the Plaintiff is a state employee without such coverage, was called for. Wherefore, said actions of this Court allegedly constitute grave violations of the Plaintiffs' rights pursuant to said Rule.

## V. VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO HOLDINGS OF HIGHER COURTS AND THE INTENT OF THE CONGRESS

The Defendants have repeatedly argued that the Plaintiffs can have no remedy other than reinstatement to employment; the Plaintiffs have argued that the Defendants may not ask this Court to overturn a unanimous U.S. Supreme Court in *McDonald* v. *City of West Branch*, 466 U.S. 284, 290 (1984), and numerous other rulings of the Supreme Court and the Appeals Court for the 1st Cir., all holding that the Plaintiffs have rights to legal remedies for violations of laws, independent of any state arbitration.[4] *See*, Plaintiffs' opposition to Defendants motion to dismiss (dated Feb. 14, 2005) at 19.

In a conference on July 12, 2006, with no reporter present, this Court orally ruled that the Plaintiffs have no remedy beyond the arbitration, and the Plaintiff's motion for preliminary injunction was therefore denied. Affidavit, attached. Thus, this Court overturned a unanimous U.S. Supreme Court in *McDonald*, as well as all the other higher holdings, *supra*.

Further, where the Court of Appeals for this Circuit held that deliberate indifference brings § 1983 liability, *Febus- Rodriguez* v. *Betancourt-Lebron*, 14 F.3d 87, 92 (1st Cir. 1994), citing *Bowen* v. *City of Manchester*, 966 F.2d 13, 20 (1st Cir. 1992), *Gutierrez-Rodriguez*, 882 F.2d at 562, and *Figueroa* v. *Aponte-Roque*, 864 F.2d 947, 953 (1st Cir. 1989), and where Defendant Romney by his own admission exhibited deliberate indifference to allegedly illegal conduct at the highest level of the state government, including in the governor's own cabinet[5],

---

[4]The Plaintiff was not even a party to the state arbitration and state court adjudication; those actions were between the employer and a faculty union. *See*, Exhibits M-N to Defendants' memorandum for motion for summary judgment.

[5]This situation is obviously very distinguishable from a city mayor not being liable for a police patrolman's actions, or a governor not being liable for a state trooper's actions (unless, say, the mayor or the governor deliberately tolerated a lax standard in police hiring or training,) because a mayor or a governor are removed from the officer by many layers of management.

this Court, by Order dated 7-14-2006, rejected said controlling holdings in this Circuit and in effect created an absolutely new absolute immunity for a state governor.

Said actions of this Court thus allegedly constitute grave violations of the Plaintiffs' rights pursuant to said holdings of the said higher courts and the intent of the Congress in enacting the enabling legislation.

VI. VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO FED. R. CIV. PROC. 33

A limit to a discovery is <u>not</u> self-executing, including the limits imposed by Rule 26. *Marx* v. *Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991). "The burden is on the party asserting a privilege to do so in a <u>timely</u> and proper manner and to establish the existence and applicability of the privilege" (emphasis added.) *Id*.

Thus, the assertion of any privilege must be made within the 30 days allowed by the Fed. R. Civ. Proc. and "must also be accompanied by <u>sufficient information</u> to allow the court to rule intelligently on the privilege claim" (emphasis added.) *Id.*, citing *Peat, Marwick, Mitchell & Co.* v. *West*, 748 F.2d 540, 541 (10th Cir. 1984), cert. dismissed, 469 U.S. 1199 (1985).

Thus, where Defendant Romney failed to assert any privilege within the 30 day period granted by the Rules controlling discovery, there exists no provision in the Rules authorizing this Court to deny the Plaintiff's motion to compel answers to his Interrogatories; rather, the Appeals Court for this Circuit requires that said answers be compelled. Affidavit, attached.

This Court, in Order dated 7-16-2006, denied the Plaintiff's motion to compel where the Defendant failed to respond within the time pursuant to the 1st Circuit's interpretation of the Rules of discovery. Wherefore, actions of this Court allegedly constitute grave violations of the Plaintiffs' rights pursuant to said Rules.

-6-

VII. VIOLATIONS OF PLAINTIFFS' RIGHTS PURSUANT TO *HAINES* AND *BOAG*

Plaintiffs argued in their opposition to motion to dismiss that *pro se* Plaintiffs have a right to not have their pleadings held to a standard of drafting by counsel. *Haines* v. *Kerner*, 404 U.S. 519 (1972.) *See*, also, *Boag* v. *MacDougall*, 454 U.S. 364, 365 (1982) (citing *Haines*) (Court of Appeals erred <u>as a matter of law</u> in dismissing a *pro se* complaint for failure to state a cause of action, for Federal courts must construe a *pro se* inartful pleading liberally.)

This Court, in Order dated 9-15-2005, thus obviously erred as a matter of law in dismissing the employer (Defendants such as Board of Higher Education and MBCC Trustees) for an alleged failure to state a Count (and in dismissing § 1983 claims, if said claims were so dismissed, although the Court stated otherwise in a conference on 11-3-2005, *see*, Affidavit, attached) where, even by an attorney drafting standard, a fair reading of the Complaint in its entirety makes it obvious that Plaintiffs stated proper causes of action and claimed valid Counts.[6]

Where reinstatement of this Defendant on appeal would require another whole new trial, this Court, by Order dated 7-16-2006, denied a motion to report this issue for clarification of said Rule, on the grounds that the U.S. Supreme Court rulings are not controlling as to dismissal of this Defendant from this action or clarification would not materially advance the resolution as to this Defendant.

Wherefore, said actions of this Court, <u>as a matter of law</u>, constitute grave violations of the Plaintiffs' rights to justice.

---

[6]Other relevant issues presented in the motion to certify questions, or yet to be presented as stated therein, viz., incorrect application of state law to facts herein, are not argued here as redundant and not addiing much to arguments already presented.

-6-

## CONCLUSION AND RELIEF SOUGHT

In this case of severe and raw abuse of governmental power by the Defendants being a cause, at least in part, of unmitigated disaster for the Plaintiffs (*see*, as one example, Exhibit E,) a judge who would inspire faith in the rule of law and in justice is critically important. This would allow the Plaintiffs to be confident in seeking proper discovery, argue their case without a state of mind of utter despair, and not shy away from seeking justice.

While to err is human, here has been a case of an obviously non-neutral Judge allegedly ignoring the law at an unbelievable frequency.

Wherefor, the Plaintiffs' motion for this Court (Zobel, J.) to strike all holdings unfavorable to the Plaintiffs as contrary to the laws, and to then recuse, should be granted.

Respectfully submitted,

Chandrakant S. Pansé
34 Frances St.,
Newton Highlands, MA 02461-1608
Tel. 617-527-9283
E-mail DrCP@rcn.com

Local Rule 7.1(A)(2) Statement: Plaintiffs seek leave from the pre-filing conference requirement in view of the dispositive nature of this motion.

Chandrakant S. Pansé, Plaintiff

Certificate of Service: I hereby certify that I served a copy of the motion hereinabove and Affidavit by prepaid First Class Mail to Charles Wyzanski, *Esq.*, Asst. A.G., counsel for Defendants, on 11/13/05.

Chandrakant S. Pansé, Plaintiff