AFFIDAVIT

I, Chandrakant S. Pansé, residing at 34 Frances Street, Newton Highlands, MA 02461-1608, state the following to be true to the best of my knowledge:

1. On Nov. 28, 2005 I served a copy of the Plaintiffs' <u>urgent</u> Motion for Restraining Order or Preliminary Injunction by First Class Mail and also electronically on Charles Wyzanski, *Esq.*, Asst. A.G., Counsel for Defendants. Mr. Wyzanski acknowledged receipt on the same day, both electronically and by telephone.

2. I never received any information from the court regarding the fate of said motion; I discovered it by repeatedly checking the docket electronically through the Pacer system (at a small expense.)

3. I called Mr. Wyzanski, *Esq.*, Asst. A.G., Thursday, Dec. 01, 2005 morning, who confirmed that he had also received a hard copy of said Motion in mail. I confirmed this conversation by sending Mr. Wyzanski an electronic message.

4. I left two voice messages for Deputy Clerk Ms. Urso at 617-748-9187 on Thursday Dec. 01, 2005 morning to clarify Service of my <u>urgent</u> Motion for Restraining Order or Preliminary Injunction; I never heard anything, or received any information from the court, for months.

5. The conversation with the Asst. A.G. as described hereinabove regarding the lack of neutrality of this Court did indeed take place, exactly as described, and was confirmed later in writing.

6. I served all Motions filed in the court on Charles Wyzanski, *Esq.*, Asst. A.G., Counsel for Defendants, by prepaid First Class Mail and/or electronically, as indicated in each Certificate of Service. Mr. Wyzanski has acknowledged Service of each upon receipt, either electronically or orally.

7. After I hand-carried and filed my motion to acknowledge Service on 12-01-2005, I immediately called the Deputy Clerk at above telephone number, using my mobile phone right outside the courthouse, leaving a voice mail message informing the clerk that such motion had been filed. I never heard anything, or received any information from the court, for months regarding my urgent motion.

8. Upon filing a 28 U.S.C. § 1292(a)(1) appeal (providing jurisdiction to courts of appeals from a district court refusing or modifying injunctions,) I received no communication whatsoever regarding completion and transfer of the record.

9. In a conference on 11-3-2005, this Court explained to counsel for Defendants that the Plaintiffs' § 1983 claims were not dismissed in response to the Defendants' motion to dismiss.

10. In a conference on 7-12-2006, with no reporter present, this Court orally ruled that the Plaintiffs have no remedy beyond the arbitration, and the Plaintiff's motion for preliminary injunction was therefore denied.

11. Upon Service of Interrogatories on counsel for Defendant Romney, I received no response to said Interrogatories within the 30 day period provided by Fed. R. Civ. Proc.

Signed under the penalties of perjury, this 13th day of Nov. 2006,

Chandrakant S. Pansé