of the above backpay, minus lawful deductions for taxes, retirement, etc., to be settled within three business days, and

(b) provide documentation of medical and dental insurance, as acceptable to providers of care, within three business days.

Further facts and Argument for this motion are set forth in attached Memorandum and Affidavit.

Respectfully submitted, Nov. 28, 2005,

*[signature]*

Chandrakant S. Pansé
34 Frances Street
Newton Highlands, MA 02461-1608
Tel. 617-527-9283
Email DrCP@rcn.com

## CERTIFICATE OF SERVICE

I hereby certify under the penalties of perjury that I served a copy of the Motion, Memorandum, Affidavit and Certificates herein by electronic transmittal as well as by prepaid First Class Mail to Charles Wyzanski, *Esq.*, Asst. A.G., counsel for Defendants, on 11/28/05.

*[signature]*

Chandrakant S. Pansé, Plaintiff

Fed. R. Civ. Pro. 58(a)(1) Entry of Judgement be made promptly as to Defendants dismissed entirely, viz., Board of Higher Education, Trustees of MBCC, Division of Unemployment Assistance, and Governor Romney, in order that Plaintiffs may proceed to appeal forthwith.

Or, in the alternate, particularly in view of proposed Question II, Plaintiffs respectfully move that the Court allow a Second Amended Complaint to clarify the claims.

Some proposed Questions, with some rationale, are set forth in attached Memorandum.

Respectfully submitted, Oct. 31, 2005,

Chandrakant S. Pansé, *pro se*
34 Frances Street
Newton Highlands, MA 02461-1608
Tel. 617-527-9283 / 617-967-8430
Email DrCP@rcn.com

Local Rule 7.1(A)(2) Statement: Plaintiff seeks leave from the pre-filing conference requirement in view of what the Plaintiff has come to see as unduly belligerent, unprofessional and intolerable conduct of Charles Wyzanski, *Esq.*, Asst. A.G., counsel for all Defendants, making reasonable dialog impossible.

Chandrakant S. Pansé, Plaintiff

Certificate of Service: I hereby certify that I served a copy of the Motion and the Memorandum herein by prepaid First Class Mail to Charles Wyzanski, *Esq.*, Asst. A.G., counsel for all Defendants, to his address on record on 11/31/05

Chandrakant S. Pansé, Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. No. 04-CV-11658

C. S. PANSÉ, et al.,     plaintiffs   }
                                      }
v.                                    }
                                      }
L. NORMAN, et al.,       defendants   }

PLAINTIFF'S AFFIDAVIT FOR MOTION FOR SANCTIONS

I, Chandrakant S. Pansé, residing at 34 Frances St., Newton Highlands, Massachusetts, state the following to be true to the best of my knowledge:

I served the attached Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. Proc. 11(c) on Charles Wyzanski, *Esq.*, Asst. A.G., counsel for all Defendants in the above captioned action, by electronic mail and by prepaid First Class Mail on Jan. 19, 2005. Mr. Wyzanski replied to me on the same day by electronic mail that "I have your Motion for Sanctions and have no intention of filing a written response within 21 days, or at any other time. So feel free to file your Motion now, if you see fit." Subsequent to this exhibition of disrespect for the Court, Mr. Wyzanski has never expressed any regrets, let alone remorse, for filing false Certification or for any other action described in the attached Motion for Sanctions.

Signed under the penalties of perjury, this 1st day of November, 2005,

Chandrakant S. Pansé, Plaintiff
34 Frances Street
Newton Highlands, MA 02461-1608
Tel. 617-527-9283 / 617-967-8430

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11658-RWZ

C. S. PANSE, et al.

v.

LINDSAY NORMAN, et al.

ORDER

November 29, 2005

ZOBEL, D.J.

Plaintiffs have filed a number of motions seeking restraining orders and other relief. It appears that none were served on defendants, as is required by Rule 5 of the Federal Rules of Civil Procedure.

Plaintiffs shall serve on defendants all papers filed in court as required by Rule 5. Unless service is made in accordance with the Rule, the court should not and will not act on plaintiffs' motions.

_____        /s/ Rya W. Zobel
       DATE                     RYA W. ZOBEL
                                UNITED STATES DISTRICT JUDGE

**EXHIBIT E**

**Commonwealth of Massachusetts**
The Trial Court
Probate and Family Court Department

__MIDDLESEX__ Division

Docket No. _____

## Divorce/Separate Support Summons

_____ UJWALA C. PANSE _____, Plaintiff

v.

_____ CHANDRAKANT S. PANSE _____, Defendant

To the above named Defendant:

You are hereby summoned and required to serve upon __EUGENE A. NIGRO, ESQUIRE__ plaintiff's attorney whose address is __NIGRO, PETTEPIT & LUCAS, 649 MAIN STREET, WAKEFIELD MASSACHUSETTS 01880__ a copy of your answer to the complaint for ☒ Divorce ☐ Separate Support
(type of action)
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, the Court will proceed to the hearing and adjudication of this action. You are also required to file your answer to the complaint in the office of the Register of this Court at __Cambridge__ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Witness ____ Hon. ~~Beverly W. Boorstein~~ **Robert W. Langlois ACTING** Esquire, First Justice of said Court

at __Cambridge__ this __6th__ day of __October__, 20__06__.

_John R. Buonomo_
Register of Probate

---

**AN AUTOMATIC RESTRAINING ORDER HAS BEEN ENTERED AGAINST THE ABOVE NAMED PARTIES WHO ARE PROHIBITED FROM:**

(1) Selling, transferring, encumbering, concealing, assigning, removing or in any way disposing of any property, real or personal, belonging to or acquired by, either party, except: (a) as required for reasonable expenses of living; (b) in the ordinary and usual course of business; (c) in the ordinary and usual course of investing; (d) for payment of reasonable attorney's fees and costs in connection with the action; (e) by written agreement of both parties; or (f) by Order of the Court.

(2) Incurring any further debts that would burden the credit of the other party, including but not limited to further borrowing against any credit line secured by the marital residence or unreasonably using credit cards or cash advances against credit or bank cards;

(3) Changing the beneficiary of any life insurance policy, pension or retirement plan, or pension or retirement investment account, except with the written consent of the other party or by Order of the Court.

(4) Causing the other party or the minor child(ren) to be removed from coverage under an existing insurance policy, or permitting such coverage to lapse, including medical, dental, life, automobile, and disability insurance. The parties shall maintain all insurance coverage in full force and effect.

This order is in effect until the earliest of the following: (1)the order is modified or dissolved by the court; (2)the order is modified by a written agreement of the parties with court approval; (3)the entry of a judgment of divorce or separate support; (4)the action is dismissed; or (5)by further order of the court. FAILURE TO COMPLY WITH THIS ORDER MAY BE DEEMED A CONTEMPT OF COURT.

CJ-D 110A (01/00)

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
THE PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX Division                                    DOCKET NO. _____

**UJWALA C. PANSE**, Plaintiff

vs.                                                   **COMPLAINT FOR DIVORCE**

**CHANDRAKANT S. PANSE**, Defendant

1. Plaintiff, who resides at **34 Frances Street, Newton Highlands, Middlesex County, Massachusetts 02461** is lawfully married to the Defendant who now resides at **34 Frances Street, Newton Highlands, Middlesex County, Massachusetts 02461**

2. The Parties were married at **Bombay, India** on **August 18, 1987** and currently live together at **Newton Highlands, Massachusetts**.

3. The children of this marriage, and date(s) of birth is/are:

   | | | |
   |---|---|---|
   | **Anjali Panse** | 05/20/88 | Age 18 |
   | **Mihir Panse** | 10/07/91 | Age 14 |
   | **Ravi Panse** | 08/31/95 | Age 11 |

4. Plaintiff certifies that no previous action for Divorce, annulment or affirming marriage, separate support, desertion, living apart for justifiable cause, or custody of child has been brought by either party against the other except **None**

5. On or about **October 2006, there occurred within the Commonwealth of Massachusetts an irretrievable breakdown of the marriage which continues to exist without hope of reconciliation.**

6. WHEREFORE, Plaintiff requests that the Court:
   - X  grant a divorce for **irretrievable breakdown pursuant to M.G.L. c. 208, §1B**;
   - X  prohibit Defendant from imposing any restraint on Plaintiff's personal liberty;
   - X  grant her custody of the above-named children;
   - X  order a suitable amount for support of the Plaintiff and the above-named children;
   - X  **order a division of the assets pursuant to the provisions of M.G.L. c.208, §34**;
   - X  order conveyance of the real estate located at **34 Frances Street, Newton Highlands, Middlesex County, Massachusetts** standing in the name of **Chandrakant S. Panse and Ujwala C. Panse** as recorded with **Middlesex South District** Registry of Deeds, Book **24860**, Page **346**;
   - X  **grant Plaintiff her reasonable attorneys fees, expenses and costs incurred in the preparation and prosecution of this Complaint**; and
   - X  such other and further relief as this Court deems meet and just.

Dated: October 5, 2006          Signature of Attorney:  *Eugene Nigro*
                                                        EUGENE A. NIGRO, ESQ.
A TRUE COPY ATTEST                                      Nigro, Pettepit & Lucas
*William J. Zampell*                                    649 Main Street
CONSTABLE                                               Wakefield, MA. 01880
                                                        (781) 245-4545
RECEIVED OCT 6 2006                                     BBO#372180